U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2021 JUN 28 AM 9:44

CLERK
BY  UAW
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

PRINCESS C. MONTPELIER, )
)
Plaintiff, )
)
v. ) Case No. 2:20-cv-150
)
SEAN BROWN, Commissioner of Vermont )
Department for Children and Families, )
)
Defendant. )

# ENTRY ORDER
## DENYING PLAINTIFF'S SECOND MOTION FOR RECUSAL
(Doc. 46)

Plaintiff filed a second motion for recusal fourteen days after her first motion for recusal was denied by the undersigned and ten days after it was denied by separate order by Chief Judge Geoffrey W. Crawford. Plaintiff's grounds for recusal are largely unchanged. She also seeks recusal in any other action in which she is a litigant.[1]

Under 28 U.S.C. § 144, a judge must recuse herself when a party files a "timely and sufficient affidavit that the judge . . . has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 455 obligates a federal judge to "disqualify h[er]self in any proceeding in which his impartiality might reasonably be questioned," *id.* § 455(a), or where any of the subsection-b criteria are satisfied, including where the judge "has a personal bias or prejudice concerning a party," *id.* § 455(b)(1). Where a party files an affidavit seeking recusal under § 144, "a judge has an affirmative duty to inquiry into the legal sufficiency of such an affidavit and not to disqualify

---

[1] Plaintiff has filed seven actions in this court under her present and former names but currently has only one action pending.

h[er]self unnecessarily." *LoCasio v. United States*, 473 F.3d 493, 498 (2d Cir. 2007) (per curiam).

The Second Circuit has explained that recusal under §§ 144 and 455(b)(1) is determined by "look[ing] to extrajudicial conduct as the basis for making such a determination, not conduct which arises in a judicial context." *Apple v. Jewish Hosp. & Med. Ctr.*, 829 F.2d 326, 333 (2d Cir. 1987); *see also United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966). "[T]he substantive standard for recusal is whether a reasonable person, knowing all the facts, would conclude that the court's impartiality might reasonably be questioned." *Apple*, 829 F.2d at 333.

"[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 55 (1994); *LoCascio*, 473 F.3d at 495. Similarly, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555; *LoCascio*, 472 F.3d at 495.

Plaintiff's second motion for recusal cites the legal reasoning of this court's May 19, 2021 Opinion and Order as the basis for her request for recusal. Plaintiff asserts that the court incorrectly granted leave to amend "as if wishing to be gratuitous" and that the court addressed certain motions "as a resentment or a gripe[.]" (Doc. 46 at 1-2.) Plaintiff further takes issue with the court's reasoning that legal counsel is generally not appointed in civil cases because "generally does not apply to [her]." *Id.* at 2 (capitalization omitted). Plaintiff does not identify any extrajudicial conduct as a basis for recusal or support her recusal motion with an affidavit.

Disagreement with the court's rulings is not grounds for recusal. *See S.E.C. v. Razmilovic*, 738 F. 3d 14, 29 (2d Cir. 2013) (finding that "recusal is not warranted where the only challenged conduct consists of judicial rulings, routine trial administration efforts, and ordinary admonishments") (internal quotation marks and alteration omitted); *Johnson v. Monaco*, 350 F. App'x 324, 327 (11th Cir. 2009) (holding that a plaintiff's

2

"disagreement with the court's rulings . . . provides an inadequate basis for recusal"). Plaintiff offers her opinions as to the alleged errors and reasons for the rulings but this alone does not provide grounds for recusal.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for recusal (Doc. 46) is DENIED. The undersigned will refer the motion for recusal to Chief Judge Geoffrey W. Crawford for his independent ruling.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 28th day of June 2021.

Christina Reiss, District Judge
United States District Court